The Honorable Steve Bryles State Senator 514 West Main Blytheville, AR 72315
Dear Senator Bryles:
You have requested my opinion on the following questions concerning jail costs:
 1. Does a `prisoner of a municipality' charged with an Arkansas statutory misdemeanor offense (as opposed to a municipal ordinance offense) become a `prisoner of the county' upon being sentenced to the county jail, thus relieving the municipality of any further financial obligation under Ark. Code Ann. § 12-41-506?
 2. Since Opinion No. 2004-227 interprets §§ 16-21-103, 16-21-150, and 16-21-115 to vest the `authority to prosecute' Arkansas statutory misdemeanor violations with the prosecuting attorney (as opposed to the city attorney), does this mean that, because of Opinion No. 2001-359's definition of `prisoners of municipalities as those the city has the `authority to prosecute,' your Office does not interpret `prisoners of municipalities' to include prisoners charged with Arkansas statutory misdemeanor violations for purposes of financial responsibility under Ark. Code Ann. § 12-41-506?
RESPONSE
It is my opinion that the answer to your first question is "yes." The answer to your second question is "no." That is, I interpret the term "prisoners of municipalities" under A.C.A. § 12-41-506 to include those arrested by city law enforcement officers for state misdemeanor offenses committed within the city. Attorney General Opinion 2004-227 was not addressed to this issue.
Question 1 — Does a `prisoner of a municipality' charged with an Arkansasstatutory misdemeanor offense (as opposed to a municipal ordinanceoffense) become a `prisoner of the county' upon being sentenced to thecounty jail, thus relieving the municipality of any further financialobligation under Ark. Code Ann. § 12-41-506?
The answer to this question is "yes," in my opinion.[1] In presenting this question, you have analyzed numerous opinions issued by several of my predecessors concerning the cities' financial responsibility for "prisoners of municipalities" under A.C.A. § 12-41-506, which provides in relevant part as follows:
 (a)(1) In the absence of an agreement on jail costs between a county and all municipalities having law enforcement agencies in the county, the quorum court in a county in this state may by ordinance establish a daily fee to be charged municipalities for keeping prisoners of municipalities in the county jail.
 (2) The fee shall be based upon the reasonable expenses which the county incurs in keeping such prisoners in the county jail.
 (b)(1) Municipalities whose prisoners are maintained in the county jail shall be responsible for paying the fee established by the quorum court in the county.
 (2) When a person is sentenced to a county jail for violating a municipal ordinance, the municipality shall be responsible for paying the fee established by an agreement or ordinance of the quorum court in the county.
 (3) Municipalities may appropriate funds to assist the county in the maintenance and operation of the county jail.
A.C.A. § 12-41-506 (Repl. 1999) (emphasis added).
In accordance with the language emphasized above, if the county and cities have not entered into an agreement concerning jail costs, the county can charge the cities a fee for housing "prisoners of municipalities." The term "prisoners of municipalities" has not been statutorily defined. As you note, however, the Office of Attorney General ("Office") has historically opined, with regard to § 12-41-506(a), that the term encompasses offenders who are arrested by municipal law enforcement officers for violations of municipal ordinances and Arkansas statutory law occurring within city limits. See Op. Att'y Gen. Nos.97-299, 97-006, 96-249, 95-335, 95-249, 91-409, 91-040, and Unofficial Op. No. 84-154.[2] As you also note, there has historically been a distinction between the cities' financial responsibility for pre- and post-sentencing costs of prisoners held on state misdemeanor charges. Although no such distinction was reflected in A.C.A. § 12-41-506 until 1993, the Office opined unofficially in 1986 and officially in 1991 that a county bears the financial responsibility once a prisoner is sentenced to the county jail. See Op. 91-040. The state of the law in this regard was somewhat unclear between 1993 and 1995.[3] However, it became clear with the passage of Act 555 of 1995 that a city's post-sentencing responsibility only attaches if the sentence is for a municipal ordinance violation. See Op. Att'y Gen. 97-299 (noting that "[c]onversely, when a person is sentenced to the county jail for an offense other than a municipal ordinance violation, the city will not be responsible for paying a daily fee.")
I find no basis in the law for departing from these opinions concerning a municipality's pre- and post-sentencing financial responsibility for persons who are arrested by municipal law enforcement officers and charged for violations of either municipal ordinances or Arkansas statutory law. I find it particularly significant in this regard that there has been no legislative clarification of A.C.A. § 12-41-506(a)(1) following the many Attorney General Opinions that have been issued to members of the General Assembly interpreting the term "prisoners of municipalities" as used in this statute. Cf. Jackson v. Blytheville Civ. Serv. Com., 345 Ark. 56,62, 43 S.W.2d 748 (2001) (noting with regard to the rehiring of a participant in a particular retirement plan that the Attorney General opined in 1999 that this was contrary to law and "there has been no legislative clarification of the [relevant] statute following the Attorney General's opinion . . ."). Accord Thomas v. Branch,202 Ark. 338, 150 S.W.2d 738 (1941).
In response to your specific question, therefore, I agree with my predecessors that a municipality is relieved of further financial obligation under A.C.A. § 12-41-506 after the sentencing (to the county jail) of a prisoner who was arrested by city law enforcement officers for a state misdemeanor offense committed within the city.
You have acknowledged these opinions, but you have also expressed concern that an opinion issued in 2001 might be misinterpreted to mean that cities must pay for prisoners after they have been sentenced to the county jail for a statutory misdemeanor offense. Attorney General Opinion2001-359 was addressed to questions concerning prisoners who are initially arrested by city police officers but who are charged and prosecuted for felony offenses. The Office had previously opined that such persons remained prisoners of the municipality, for purposes of A.C.A. §12-41-506, until felony charges are filed against them, at which point the county bears the financial responsibility. See, e.g., Op. Att'y Gen.97-299. My immediate predecessor concluded that a better view is that cities should not be responsible for costs relating to a prisoner who is arrested for a felony because it is known at the time of the arrest that the city has no authority to prosecute that offender (absent an appointment by the prosecuting attorney). Op. 2001-359 at 3. The opinion takes a "common sense" approach to § 12-41-506 and states that "persons who are initially arrested by the city police are `prisoners of the municipality' if the city has the authority to prosecute them." Id.
Because city attorneys are authorized under state law to prosecute cases involving state misdemeanor violations that occur within city limits,[4]
you apparently take Opinion 2004-359 to mean that it is now the position of this Office that cities are also financially responsible for such prisoners of the municipality after they have been sentenced for a statutory misdemeanor. Although I cannot speak for my predecessor, I do not interpret Opinion 2001-359 as addressing the pre-versus post-sentencing distinction discussed above. This simply was not at issue in the opinion. The questions were focused, instead, on the period between a person's arrest and the filing of felony charges. There was no discussion of what occurs after sentencing.
Question 2 — Since Opinion No. 2004-227 interprets §§ 16-21-103,16-21-150, and 16-21-115 to vest the `authority to prosecute' Arkansasstatutory misdemeanor violations with the prosecuting attorney (asopposed to the city attorney), does this mean that, because of OpinionNo. 2001-359's definition of `prisoners of municipalities as those thecity has the `authority to prosecute,' your Office does not interpret`prisoners of municipalities' to include prisoners charged with Arkansasstatutory misdemeanor violations for purposes of financial responsibilityunder Ark. Code Ann. § 12-41-506?
Opinion 2004-227 does not bear on your questions concerning "prisoners of municipalities" under A.C.A. § 12-41-506. That opinion addresses a question that was posed regarding the prosecuting attorney's authority to handle circuit court appeals of statutory misdemeanor cases over the objection of the city attorney.[5] It did not involve any issue with respect to the cities' financial responsibility for "prisoners of municipalities" under § 12-41-506. In response to your substantive question concerning this Code section, it is my opinion as expressed above that the term "prisoners of municipalities" under A.C.A. §12-41-506 encompasses offenders who are arrested by municipal law enforcement officers for municipal ordinance violations and Arkansas statutory misdemeanor violations.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] This question of course assumes that prior to sentencing, the city bears financial responsibility for the prisoner. As reflected in the following discussion, I believe this is an accurate assumption.
[2] See discussion below, however, with regard specifically to felony offenses.
[3] For a discussion of the law during this period, see Op. Att'y Gen. Nos. 95-249 and 93-174. Act 516 of 1993 added the provision, codified as A.C.A. § 12-41-506(b)(2), which states that municipalities are responsible for paying the fee "[w]hen a person is sentenced to a county jail for violating a municipal ordinance. . . ."
[4] State law clearly contemplates that such cases will be prosecuted by the city attorney. The county prosecutor retains the discretion to handle these cases. See Op. Att'y Gen. 2004-227. But it is incumbent upon the city attorney to prosecute them in the first instance, even in the absence of a delegation from the county prosecutor. Accord Op. Att'y Gen. 95-235 (discussing city attorneys' obligation to prosecute "city misdemeanor cases.") I believe it is clear that the city attorney is authorized, by virtue of this statutory duty, to prosecute state misdemeanor offenders.
[5] As I have noted (n. 4, supra), the prosecuting attorney has the discretion to decide whether to handle "city misdemeanor cases." See
A.C.A. § 16-21-150 (stating that "[n]o prosecuting attorney shall prosecute city misdemeanor cases or appeals to circuit or appellate courts unless the prosecuting attorney consents to do so.") See also Op. 95-235, supra at n. 4 (identifying "city misdemeanor cases" under §16-21-150 as "cases involving the misdemeanor violation of state law within a city's limits."); accord Op. Att'y Gen. 2001-272.